UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
DIMITRI ENTERPRISES, INC.,          :
                                    :
        Plaintiff,                  :
                                    :          20 Cv. 7966 (JSR)
        -v-                         :
                                    :          MEMORANDUM ORDER
                                    :
NIF SERVICES OF NEW JERSEY, INC.,   :
And SCOTTSDALE INSURANCE CO.,       :
                                    :
        Defendants.                 :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

        Plaintiff Dimitri Enterprises, Inc. ("Dimitri") brought

this seven-count complaint against defendants NIF Services of

New Jersey, Inc. ("NIF") and Scottsdale Insurance Company

("Scottsdale"), arising out of Scottsdale's denial of coverage

for personal injury claims asserted by one of plaintiff's

employees against non-parties the New York City Housing

Authority ("NYCHA") and Arc Electrical & Mechanical Contractors

Corp. ("Arc"), in connection with a construction site at which

plaintiff was serving as a subcontractor. Now before the Court

is NIF's motion to dismiss the two claims brought against it.

For the reasons set forth below, the motion is granted.

I.    Background[1]

---

[1]     The following allegations, which are taken from the
Verified Complaint for Declaratory Judgment and Damages
("Compl."), Dkt. No. 1-1, are assumed to be true for the
purposes of this motion.

In February 2014, non-parties NYCHA and Arc began a construction project in New York City (the "Project"). Compl. ¶ 19. Plaintiff Dimitri, a subcontractor, was brought on by Arc to help with roofing work. Id. ¶ 20. As part of its subcontracting agreement with Arc, Dimitri agreed to obtain general liability insurance coverage for its work on the Project and to name Arc and NYCHA as "additional insureds" under the policy. Id. ¶ 21. Also pursuant to that agreement, Dimitri agreed to indemnify NYCHA and Arc for any claims arising out Dimitri's work on the Project. Id. ¶ 54.

In July 2015, Dimitri retained defendant NIF, a wholesale insurance broker, to procure the insurance coverage. Id. ¶ 6. NIF "recommended" that Dimitri obtain coverage with defendant Scottsdale. Id. ¶¶ 7-8. Shortly thereafter, NIF advised Dimitri that coverage had been bound, and allegedly "provided repeated oral assurances" to that effect. Id. ¶¶ 8-10. In August 2015, Dimitri received a copy of the insurance policy (the "Policy"). Id. ¶ 12.

On March 9, 2016, Dimitri learned that one of its employees, Rilo Beltran, suffered an injury while working on the Project. Id. ¶ 22.[2] Beltran filed a civil action against NYCHA

---

[2]    The Complaint identifies the date of the injury as March 9, 2015. See, e.g., Compl. ¶ 25. However, plaintiff clarified in

and Arc (the "Beltran Action"). <u>Id.</u> ¶¶ 25-26. Plaintiff alleges
that NYCHA and Arc sought coverage as additional insureds under
the Policy, but that on August 17, 2016, Scottsdale declined to
provide coverage to NYCHA and Arc. <u>Id.</u> ¶ 27. On October 11,
2018, Arc filed a third-party action against Dimitri, seeking
indemnification under the subcontract for any liability incurred
in the Beltran Action. <u>Id.</u> ¶ 55.

On June 29, 2020, Dimitri brought this action asserting
various claims against Scottsdale and NIF, arising out
Scottsdale's refusal to provide coverage to Arc and NYCHA. After
the case was removed to this Court, Dkt. No. 1, NIF brought the
instant motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss
the breach of contract claim (Count Six) and the negligence
(Count Seven) claim, which are the only two claims brought
against NIF. Dkt. No. 11.

II.  <u>Discussion</u>

A. <u>Standard of Review</u>

In order to survive a motion to dismiss, a plaintiff must
"state a claim to relief that is plausible on its face."

---

its memorandum of law in opposition to this motion that that was
due to a typographical error, and that the injury, in fact,
occurred in 2016. <u>See</u> Plaintiff's Memorandum of Law in
Opposition to Rule 12(b)(6) Motion to Dismiss of Defendant NIF
Services of New Jersey, Inc. ("Pl. Mem."), Dkt. No. 19, at 5
n.1.

_Ashcroft v. Iqbal_, 556 U.S. 662, 678 (2009). When deciding a motion to dismiss, the Court "accept[s] all factual allegations in the complaint and draw[s] all reasonable inferences in the plaintiff's favor." _ATSI Commc'ns, Inc. v. Shaar Fund, Ltd._, 493 F.3d 87, 98 (2d Cir. 2007).

B. Whether Dimitri's Negligence Claim Is Timely

NIF argues that Dimitri's negligence claim is time-barred by the applicable three-year limitations period. Defendant NIF Services of New Jersey, Inc's Memorandum of Law in Support of its Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint ("Def. Mem."), Dkt. No. 12, at 4.[3]

New York courts seem to be divided over when a negligence claim against an insurance agent or broker accrues. _Compare_ _Spinnato v. Unity of Omaha Life Ins. Co._, 322 F. Supp. 3d 377, 392 (E.D.N.Y. 2018) (holding that such a claim accrues when the inadequate coverage is first procured), _with_ _AB Oil Services, Ltd. v. TCE Ins. Servs., Inc._, --- N.Y.3d ---, 2020 WL 6479154, at *2 (2d Dep't 2020) (holding that such a claim accrues when the coverage is ultimately denied). Here, the allegedly

---

[3]    In a diversity case, federal courts apply the forum state's statute of limitations. _Thea v. Kleinhandler_, 807 F.3d 492, 497 (2d Cir. 2015). Hence, New York's statute of limitations applies. Under New York law, negligence actions against insurance agents and brokers are subject to the three-year statute of limitations set out in CPLR § 214(4). _See_ _Chase Sci. Research, Inc. v. NIA Group, Inc._, 96 N.Y.2d 20, 30 (2001).

inadequate coverage was procured in August 2015, nearly five years before this action commenced; and the coverage was allegedly denied in August 2016, nearly four years before this action commenced. Under either rule, Dimitri's negligence claim would be time-barred.

Dimitri, however, argues for a third rule: that its negligence claim accrued not when the coverage was procured in August 2015 nor when the coverage was denied in August 2016, but only when Arc brought its third-party indemnification claim against Dimitri in October 2018. The theory seems to be that the cause of action should only accrue once Dimitri actually "needed the insurance." Pl. Mem. at 13-14.

That argument, however, has no apparent basis in New York law. To the contrary, courts have held that negligence claims against an insurance agent accrue upon the denial of the insurance coverage, even where, as here, the plaintiff is not sued in connection with that denial until later. Consider Emily Brooke Fulton Myers v. Three Hand Realty, LLC, No. 154870/2016, 2020 WL 2114201 (N.Y. Sup. Ct. May 04, 2020). There, an insured obtained coverage for an apartment building. Id. at *1. After two children were injured in the building, the insured submitted an insurance claim, which was denied in December 2015. Id. The legal guardians of the children filed a negligence action against the insured in June 2016. Id. The insured, in turn,

brought a third-party action against the insurer in June 2019. Id. The insured argued that its negligence claim only accrued when it was sued by the legal guardians in June 2016 -- that is, when it actually needed the insurance. Id. The court rejected that argument and held the claim accrued in December 2015, when the insured was denied coverage. Id. at *2.

Dimitri has provided no persuasive reason for the Court to depart from the ruling in Three Hand Realty. To be sure, the Court recognizes that here, unlike in Three Hand Realty, it was a third party, not Dimitri itself, that was denied coverage under the Policy in August 2016. Nevertheless, at that point, Dimitri knew that NIF had failed to procure the insurance that Dimitri had allegedly requested and that as a result Dimitri would have to indemnify Arc under the subcontract for any liability incurred in the Beltran Action. That Arc opted not to seek indemnification from Dimitri until October 2018 has no bearing on when Dimitri's negligence claim against NIF accrued.

Therefore, the Court holds that Dimitri's negligence claim against NIF accrued, at the latest, in August 2016, when Dimitri was notified that the coverage was denied. Because Dimitri's negligence claim against NIF is time-barred, it must be dismissed.

  C. Whether Dimitri has Adequately Stated a Claim for Breach of Contract Against NIF

NIF next argues that the breach of contract claim is

inadequately pled. "[T]o set forth a case for . . . breach of contract against an insurance broker, a plaintiff must establish that a specific request was made to the broker for the coverage that was not provided in the policy." Hefty v. Paul Seymour Ins. Agency, 82 N.Y.S.3d 649 (3d Dep't 2018) (quoting American Bldg. Supply Corp. v. Petrocelli Group, Inc., 19 N.Y.3d 735 (2012)); see, e.g., Kritzer v. Ventura Ins. Brokerage, Inc., 25 N.Y.S.3d 780 (N.Y. Sup. Ct. 2015) (dismissing breach of contract claim where the plaintiffs failed to allege that "they requested and defendant contracted, but failed to produce, a policy without a $50,000 coverage limit per unscheduled item").

Here, the complaint alleges only that Dimitri requested that NIF "procure insurance coverage." See Compl. ¶¶ 6, 75, 81. It nowhere alleges that Dimitri requested that NIF name Arc and NYCHA as "additional insureds" under the Policy. As a result, Dimitri has "fail[ed] to allege any contractual terms that defendant breached so as to sustain their claim for breach of a contract." Kritzer, 25 N.Y.S.3d at 788. Because Dimitri's breach of contract claim against NIF is inadequately pled, it must also be dismissed.[4]

---

[4]   NIF also argues that Dimitri's claims are barred by the so-called "duty to read." The New York Court of Appeals, however, has clarified that the "failure to read the policy, at most, may give rise to a defense of comparative negligence but should not bar, altogether, an action against a broker." See American Bldg. Supply, 19 N.Y.3d at 736-37.

*****

For the foregoing reasons, the Court hereby dismisses Count Six and Count Seven of the Complaint.

SO ORDERED.

Dated: New York, NY

November 16, 2020

JED S. RAKOFF, U.S.D.J.

_____