**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| DIMITRI ENTERPRISES, INC.,<br><br>Plaintiff,<br><br>-against-<br><br>SCOTTSDALE INSURANCE COMPANY and SPAR INSURANCE AGENCY LLC,<br><br>Defendant(s). | : | Civil Action No.:1:20-cv-7966 (JSR) |

**DEFENDANT SPAR INSURANCE AGENCY, LLC'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS**
**RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Maxim H. Waldbaum, (MW-4615)
RIMON, P.C.
245 Park Avenue, 39th Floor
New York, NY 10167
P: (917) 603-3905
F: (212) 363-0270
maxim.waldbaum@rimonlaw.com

*Attorney(s) for Defendant*
SPAR INSURANCE AGENCY LLC

# TABLE OF CONTENTS

INTRODUCTION .......... 1

FACTUAL ALLEGATIONS .......... 3

APPLICABLE STANDARD .......... 4

ARGUMENT .......... 5

I. The Law Of The Case Precludes Plaintiff From Realleging and Prosecuting Causes of Action 6 and 7 .......... 5

II. Plaintiff's Negligence Claim is Barred by the Statute of Limitations .......... 6

III. Plaintiff Has Failed to Sufficiently Allege a Breach of Contract .......... 8

IV. Plaintiff Has Failed to Sufficiently Allege Negligence .......... 10

CONCLUSION .......... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**


*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ........ 4

*Castle Oil Corp. v. Thompson Pension Emp. Plans, Inc.*,
299 A.D.2d 513, 750 N.Y.S.2d 629 (2002) ........ 7

*Cunningham v. Ins. Co. of N. Am.*,
521 F. Supp. 2d 166 (E.D.N.Y. 2006) ........ 7

*Dondi v. Jones*,
40 N.Y.2d 8, 351 N.E.2d 650 (1976) ........ 5

*Duartes v. Cty. of Nassau*,
No. 07CV2929JSWDW, 2008 WL 11449235 (E.D.N.Y. Sept. 30, 2008) ........ 4

*Frankson v. Brown & Williamson Tobacco Corp.*,
67 A.D.3d 213, 886 N.Y.S.2d 714 (2009) ........ 6

*Gray v. Sandoz Pharm., Div. of Sandoz, Inc.*,
123 A.D.2d 829, 507 N.Y.S.2d 444 (1986) ........ 6

*Hefty v. Paul Seymour Ins. Agency*,
163 A.D.3d 1376, 82 N.Y.S.3d 649 (2018) ........ 9, 10

*Hekmat v. U.S. Transportation Sec. Admin.*,
247 F. Supp. 3d 427 (S.D.N.Y. 2017) ........ 8, 9

*In re LaDelfa*,
107 A.D.3d 1562, 968 N.Y.S.2d 759 (2013) ........ 6

*Kritzer v. Ventura Ins. Brokerage, Inc.*,
50 Misc. 3d 832, 25 N.Y.S.3d 780 (N.Y. Sup. Ct. 2015) ........ 8

Morse Diesel Int'l v. CNA Ins. Companies,
272 A.D.2d 455, 707 N.Y.S.2d 499 (2000) ........ 7

*Chase Sci. Rsch., Inc. v. NIA Grp., Inc.*,
96 N.Y.2d 20, 749 N.E.2d 161 (2001) ........ 6

*People v. Evans*,
94 N.Y.2d 499, 727 N.E.2d 1232 (2000) ........ 5

*Smith v. Loc. 819 I.B.T. Pension Plan*,
291 F.3d 236 (2d Cir. 2002) ........ 4, 10

*Spinnato v. Unity of Omaha Life Ins. Co.*,
322 F. Supp. 3d 377 (E.D.N.Y. 2018) ........ 7

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
547 F.3d 406 (2d Cir. 2008) ........ 5

*State of N.Y. Higher Educ. Servs. Corp. v. Starr*,
158 A.D.2d 771, 551 N.Y.S.2d 363 (1990) ........ 6

*Thompson v. Cooper*,
24 A.D.3d 203, 806 N.Y.S.2d 32 (2005) ........ 6

*United Specialty Ins. Co. v. Fisk Fine Art Servs., LLC*,
No. 15CV2802-LTS-JCF, 2017 WL 1250424 (S.D.N.Y. Apr. 4, 2017) ........ 9

*Warren v. John Wiley & Sons, Inc.*,
952 F. Supp. 2d 610 (S.D.N.Y. 2013) ........ 8

**Rules**

CPLR § 214(4) ........ 6, 7

Fed. R. Civ. P. 12(b)(6) ........ 1, 4, 5

**Other Authorities**

Carmody-Wait 2d,NY Practice §§ 2:64, 2:66 at 76 ........ 6

Siegel, NY Practice § 448 at 593 ........ 6

Defendant, SPAR Insurance Agency, LLC ("SPAR"), by its attorneys, submits this memorandum of law in support of its motion to dismiss the Sixth and Seventh Causes of Action of Plaintiff, Dimitri Enterprises, Inc.'s ("Dimitri") Verified Complaint pursuant to Fed. R. Civ. P. 12(b)(6). As it is unnecessary to recreate the template accepted by this Court in the NIF filing of their Notice of Motion to Dismiss (Docket No. 11) this Memorandum (mostly) follows that submission as to arguments II. and III. below.

## INTRODUCTION

Plaintiff brings this action against SPAR, an insurance broker, and Scottsdale Insurance Company ("Scottsdale"), arising out of Scottsdale's denial of coverage for personal injury claims asserted against New York City Housing Authority ("NYCHA") and Arc, who were named as additional insureds under the Scottsdale commercial general liability policy (the "Policy"), that SPAR brokered through NIF Services of New Jersey, Inc. ("NIF"), the wholesale broker, who placed for Plaintiff on behalf of SPAR. Plaintiff's employee asserted personal injury claims against NYCHA and Arc after he was allegedly injured while working on a construction site owned by NYCHA for which Arc was acting as the general contractor. Plaintiff, a subcontractor on the project, claims that Scottsdale's refusal to provide coverage to NYCHA and Arc has now caused Arc to assert third-party claims against Plaintiff for indemnification relating to the underlying personal injury claims.

As for its claims against SPAR, Plaintiff claims that it "retained SPAR to procure insurance coverage," and that "[i]n the event that Scottsdale does not provide certain coverage for[Plaintiff]," then SPAR should be held liable for some apparent breach of contract and , separately, negligence. (Verified Second Amended Complaint, Dkt. No. 38, ¶¶ 74-79. Plaintiff's claims against SPAR,

however, lack any merit and shouldbe dismissed, with prejudice.

First, the law of the case requires that this Second Amended Complaint be dismissed as to SPAR. (See *infra*, pp. 5-7) This Court ordered dismissal of the identical Causes of Action 6 and 7 in this case on November 16, 2020 (Dkt. No. 25) against the other broker in this case, the wholesale broker NIF, finding that Plaintiff's negligence claim was time-barred under New York law and that any claim to a breach of contract, as apparently intended here, was inadequately pled (Dkt. No. 25 at pp. 4-7). The issue and determination regarding the duty to read are covered as the law of the case and set forth in footnote 4, p. 7 of the Opinion (Dkt. No. 25).

Second, it is well-settled that the statute of limitations applicable to negligence claims againstan insurance broker is three years. Plaintiff alleges that it received a copy of the Scottsdale Policyin August 2015. The statute of limitations for a negligent procurement claim begins to run upon the receipt of the policy, which occurred nearly six years before this case was filed. Plaintiff also alleges that Scottsdale denied coverage in writing in August 2016, nearly five years before this case was filed. Thus, even if Plaintiff's claim did not accrue until Scottsdale's denial of coverage, Plaintiff's negligence claim is still barred by the three-year statute of limitations.

Third, any alleged Plaintiff's breach of contract claim fails because it does not come close to alleging the necessary elements of a breach of contract. Plaintiff does not allege any of the terms of the purported contractual relationship between Plaintiff and SPAR. Nor does Plaintiff allege that it requested and that SPAR agreed to procure any specific coverage in response to such a request. Under New York law, to state a claim for breach of contract or negligence against an insurance broker, a plaintiff must allege a specific request made to the broker for a particular coverage to be included in the policy. Instead, Plaintiff only alleges vaguely that it requested that SPAR "procure insurance coverage." This is wholly insufficient. Plaintiff's negligence claim fails for the same

reason. Plaintiff's allegation that it requested that SPAR "procure insurance coverage" does not come close to stating a claim for negligence under New York law.

As more fully described below, Plaintiff's Sixth and Seventh Causes of Action against SPAR should be dismissed, with prejudice.

## FACTUAL ALLEGATIONS

Plaintiff alleges that in or before July 2015, it retained SPAR to "procure insurance coverage."(Verified Complaint, Dkt. No. 38, ¶ 6). SPAR recommended that insurance coverage be placed with Scottsdale. (*Id.*, ¶ 7). Shortly thereafter, SPAR advised Plaintiff that coverage had been bound, and allegedly "provided repeated oral assurances that proper coverage had been bound." (*Id.*, ¶¶ 8-11). In August 2015, Plaintiff received a copy of Scottsdale Insurance Policy No. CPS2283274, with a policy period of 7/31/2015 to 7/31/2016. (*Id.*, ¶ 12).

On or before July 21, 2015, Plaintiff alleges that it "undertook and performed numerous construction projects wherein owners, general contractors and others relied upon the existence of proper insurance coverage." (*Id.*, ¶ 17). One of those projects involved a property owned by NYCHA and for which Arc was the general contractor (the "Project"). (*Id.*, ¶ 19). On June 18, 2014, Dimitri entered into a subcontract with Arc to provide roofing and related work on the Project (the "Subcontract"). (*Id.*, ¶ 20). The Subcontract allegedly required Plaintiff to obtain comprehensive general liability insurance coverage for its work on the Project and to name Arc and NYCHA as additional insureds against any claim of personal injury arising out of Plaintiff's work under the Subcontract. (*Id.*, ¶ 21).

On March 9, 2015, Plaintiff learned that one of its employees, Rilo Beltran, suffered a personal injury while working on the Project. (*Id.*, ¶ 22). Mr. Beltran filed a civil action against NYCHA and Arc (the "Beltran Action"), alleging that he fell into hot tar as a result of NYCHA

and Arc's negligence, causing burns, scarring, and injuries to his arms and spine. (*Id.*, ¶¶ 25-26). Plaintiff alleges that NYCHA and Arc sought coverage as additional insureds under the Policy, but that on August 17, 2016, Scottsdale declined to provide coverage to NYCHA and Arc. (*Id.*, ¶ 27). On October 11, 2018, Arc filed a third-party action against Plaintiff, seeking indemnification under the Subcontract for any liability incurred in the Beltran Action. (*Id.,* ¶ 55).

On January 22, 2021, Plaintiff filed this action asserting claims against SPAR for apparent breach of contract (Sixth Cause of Action) and negligence (Seventh Cause of Action). (*Id.*, at Sixth and Seventh Causes of Action). Plaintiff does not allege any terms of any purported contract entered into between the parties or any specific negligent act committed by SPAR. Rather, Plaintiff simply concludes without support that "[i]n the event that Scottsdale does not provide certain coverage for Dimitri," then SPAR "has breached its agreement" and "has been negligent" (*Id.*, ¶¶ 77, 83).

## APPLICABLE STANDARD

A complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) where a plaintiff fails to "plead enough facts to state a claim for relief that is plausible on its face." *Duartes v. Cty. of Nassau*, No. 07CV2929JSWDW, 2008 WL 11449235, at *2 (E.D.N.Y. Sept. 30, 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The complaint must plead "enough to raise a right to relief above the speculative level." *Id.* While a court must accept all well-pled facts as true, "conclusoryallegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Smith v. Loc. 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002).

A statute of limitations defense is properly raised in a Fed. R. Civ. P. 12(b)(6) motion to dismiss where "the defense appears on the face of the complaint." *See* Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008).

**ARGUMENT**

## I. The Law Of The Case Precludes Plaintiff From Realleging and Prosecuting Causes of Action 6 and 7

Plaintiff was denied any right to assert its Causes of Action 6 and 7 against the brokers of the insurance policy here in question (SPAR and NIF) because Plaintiff pursued that exact same relief in this litigation against the other broker in this case, NIF, and is now estopped from raising those same claims again. *See* This Court's Memorandum and Order, dated November 16, 2020 (Docket No. 25). No legitimate distinction can be concocted. For a direct comparison between Causes of Action 6 and 7 against NIF and SPAR, *see* **Exhibit 1**.

New York recognizes fully the legal doctrine of law of the case as part of "a larger family of kindred concepts, which litigated in a prior action [here, this action], while collateral estoppel precludes relitigating an issue decided in a prior action. Accordingly, the law of the case has been aptly characterized as " a kind of intra-action' res judicata'". *People v. Evans*, 94 N.Y.2d 499, 502–505, 727 N.E.2d 1232, 1234–36 (2000).

Res judicata, collateral estoppel, issue preclusion and claim preclusion are all recognized and designated in the CPLR. The law of the case doctrine is found in no New York statute. It directs a Court's discretion and does not restrict its authority.

The law of the case is designed to eliminate inefficiency and disorder that would follow if courts of coordinate jurisdiction and this Court would overrule itself on the same issues." This Court [Evans] recognized as such in Matter of *Dondi v. Jones*, 40 N.Y.2d 8, 15, 351 N.E.2d 650 (1976), when it cautioned that "a court should not ordinarily reconsider, disturb or overrule an order in the

same action of another court of co-ordinate jurisdiction." *Id*.

The doctrine of the law of the case permits a reasoned exercise of a certain degree of discretion in its application. *In re LaDelfa*, 107 A.D.3d 1562, 968 N.Y.S.2d 759 (2013) and it may be ignored in extraordinary circumstances. *Frankson v. Brown & Williamson Tobacco Corp.*, 67 A.D.3d 213, 886 N.Y.S.2d 714 (2009). The doctrine applies exclusively to questions of law. Its legal determination on the merits is binding not only on the parties but on all other judges of coordinate jurisdiction. *State of N.Y. Higher Educ. Servs. Corp. v. Starr*, 158 A.D.2d 771, 772, 551 N.Y.S.2d 363, 364 (1990). Siegel, NY Practice § 448 at 593, Carmody-Wait 2d,NY Practice §§ 2:64, 2:66 at 76, 79.

The law of the case contemplates the parties (here, Plaintiff) had a "full and fair" opportunity to litigate the initial determination, here necessarily litigated and resolved on the merits in a prior decision. *Thompson v. Cooper*, 24 A.D.3d 203, 806, 806 N.Y.S.2d 32 (2005) N.Y.S. 2d 32(1st Dept 2005); *Gray v. Sandoz Pharm., Div. of Sandoz, Inc.*, 123 A.D.2d 829, 507 N.Y.S.2d 444 (1986). The merits as to a legal ruling on the statute of limitations with regard to negligence and the legal standard for not meeting a plausible disclosure of a contract here are conclusive against Plaintiff, have not been appealed and are sanctionable grounds for costs, disbursements and attorney(s) fees under the discretion of this Court.[1]

## II. Plaintiff's Negligence Claim is Barred by the Statute of Limitations

New York courts have declined to apply the professional liability statute of limitations to insurance agents or brokers, but nonetheless have consistently held that "actions against defendant agents and brokers are governed … by the [three-year] limitations period applicable to negligence actions (CPLR § 214(4)." *Chase Sci. Rsch., Inc. v. NIA Grp., Inc.*, 96 N.Y.2d 20, 30, 749 N.E.2d 161

---

[1] SPAR on multiple occasions has reached out to Plaintiff through its counsel to voluntarily remove Causes of Action 6 and 7 and dismiss its case against SPAR as clearly meritless. Plaintiff has ignored these requests and required SPAR to prepare and file this motion.

(2001); *Cunningham v. Ins. Co. of N. Am.*, 521 F. Supp. 2d 166, 171–72 (E.D.N.Y. 2006), on reconsideration, No. 04CV2997RJDVVP, 2007 WL 9723275 (E.D.N.Y. Sept. 28, 2007) (finding that in an insurance broker malpractice case, "[u]nder CPLR § 214(4), the applicable statute of limitations for negligence is three years."); *Spinnato v. Unity of Omaha Life Ins. Co.*, 322 F. Supp. 3d 377, 396 (E.D.N.Y. 2018) (noting that in insurance broker malpractice actions "[w]here the remedy sought is purely monetary in nature, courts construe the suit as alleging 'injury to property' within the meaning of CPLR § 214(4), which has a three-year limitations period."). *See also Castle Oil Corp. v. Thompson Pension Emp. Plans, Inc.*, 299 A.D.2d 513, 515, 750 N.Y.S.2d 629 (2002) ("[P]laintiff commenced this action more than three years after the defendant committed its alleged acts of negligence, the plaintiff's cause of action alleging negligent performance of services is barred by the three-year statute of limitations whichgoverns negligence claims.").

Further, a "negligence claim against an insurance agent or broker does not occur when the wrongdoing is discovered; it accrues when the act takes place . . . on the date the given policy was purchased." *Spinnato v. Unity of Omaha Life Ins. Co.*, 322 F. Supp. 3d 377, 392 (E.D.N.Y. 2018);*see also* Morse Diesel Int'l v. CNA Ins. Companies, 272 A.D.2d 455, 456, 707 N.Y.S.2d 499, 501(2000) ("[T]he cause of action against the [brokers] accrued when the allegedly negligent acts or omissions occurred that is, when the [brokers] failed to have Morse Diesel named as an additionalinsured . . . not when CNA disclaimed coverage.").

Just as in the cases cited above, Plaintiff's negligent procurement claim against SPAR, an insurance broker, is governed by the three-year statute of limitations set forth in CPLR§ 214(4). Plaintiff's claim against SPAR accrued in August 2015 when the Policy was issued to Plaintiff and allegedly did not afford coverage to NYCHA and Arc for claims later asserted in theBeltran Action. Plaintiff's Verified Second Amended Complaint alleges that Plaintiff received a copy of the

Policy in  August 2015, nearly six years prior to Plaintiff filing this action on January 22, 2021. (Dkt. No. 38, ¶ 12). Even if Plaintiff's claim did not accrue until Scottsdale denied coverage, Plaintiff's claim is still time-barred. Plaintiff admits that Scottsdale denied coverage by written correspondence dated August 17, 2016, nearly five years prior to Plaintiff filing this action on January 22, 2021. (Dkt.No. 1-1, ¶ 27). Because Plaintiff's negligence claim against SPAR is barred by the statute of limitations, it should be dismissed, with prejudice, and assented to its terms, and, accordingly, has no action against its insurance broker for having procured such coverage, even though thecoverage was not entirely in accord with what plaintiff had requested.

## III. Plaintiff Has Failed to Sufficiently Allege a Breach of Contract

"Under New York law, the elements of a breach of contract claim are (1) the existence of an agreement; (2) adequate performance of the contract by the plaintiff; (3) breach of contract by the defendant; and (4) damages." *Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 624 (S.D.N.Y. 2013). "For a breach of contract claim, Plaintiff must provide specific allegations as to an agreement between the parties, the terms of that agreement, and what provisions of the agreement were breached as a result of the acts at issue." *Hekmat v. U.S. Transportation Sec. Admin.*, 247 F. Supp. 3d 427, 433 (S.D.N.Y. 2017); *see also* Warren v. John Wiley & Sons, Inc., 952 F. Supp. 2d 610, 624 (S.D.N.Y. 2013) ("A sufficient pleading for breach of contract must, at a minimum, allege the terms of the contract, each element of the alleged breach and the resultant damages in aplain and simple fashion.") (internal citations omitted). *See also* Kritzer v. Ventura Ins. Brokerage, Inc., 50 Misc. 3d 832, 842, 25 N.Y.S.3d 780 (N.Y. Sup. Ct. 2015). There, the plaintiffs sued their insurance broker for breach of contract after the insurer provided only $50,000 of coverage for the loss of a 6.48 carat diamond ring. The court found that the plaintiffs' complaint failed to state a claim because they failed to allege any specific request to the insurance broker to procure a particular coverage. As the court reasoned,

"nowhere [do the plaintiffs] allege that they requested and defendant contracted, but failed to produce, a policy *without* a $50,000 coverage limit per unscheduled item. … Plaintiffs therefore fail to allege any contractual terms that defendant breached so as to sustain their claim for breach of a contract." *Id.* at 842 (emphasis in original).

Similarly in United Specialty Ins. Co. v. Fisk Fine Art Servs., LLC, No. 15CV2802-LTS-JCF, 2017 WL 1250424, at *2 (S.D.N.Y. Apr. 4, 2017), the court held that "[t]o state a claim for breachof contract on the part of the insurance agent, the insured must show that a specific request was made to the agent for a certain type of coverage that was not provided in the policy." *See also* Hefty v. Paul Seymour Ins. Agency, 163 A.D.3d 1376, 1377, 82 N.Y.S.3d 649, 651 (2018) ("To set forth a case for negligence or breach of contract against an insurance broker, a plaintiff must establish that a specific request was made to the broker for the coverage that was not provided in the policy."). Where there is no allegation of a specific request by the plaintiff to the broker or agent for a particular coverage, the plaintiff has failed to state a claim. *See id.*

In Hekmat v. U.S. Transportation Sec. Admin., 247 F. Supp. 3d 427, 433 (S.D.N.Y. 2017), the court found that the plaintiffs failed to adequately plead a breach of contract when they alleged only that they "entered into a contract" with JetBlue, but "fail[ed] to identify any provision that was breached as a result of JetBlue's purported failure." *Id.* at 433.

Here, Plaintiff has not come close to adequately pleading its breach of contract claim. Plaintiff does not allege a single term of any alleged contract between Plaintiff and SPAR. Plaintiff fails to allege any specific coverage that it requested, and that SPAR agreed to procure. Plaintiff fails to allege the payment terms of the purported contract. Plaintiff fails to allege any consideration supporting the purported contract. Plaintiff fails to even allege an offer, acceptance, or any other term of the purported contract. Rather, in purely conclusory fashion, Plaintiff alleges only that it "retained SPAR

Services to procureinsurance coverage." (Dkt. No. 38, ¶¶ 6, 75). This is completely insufficient. This Court is not required to accept Plaintiff's unsupported legal conclusions. *See* *Smith v. Loc. 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002). Plaintiff's apparent breach of contract claim should therefore be dismissed.

### IV. Plaintiff Has Failed to Sufficiently Allege Negligence

Just like its breach of contract claim, Plaintiff's negligence claim is also deficient because Plaintiff fails to allege any specific request for coverage that SPAR failed to procure. As stated above, to "set forth a case for negligence or breach of contract against an insurance broker, a plaintiff must establish that a specific request was made to the broker for the coverage that was not provided in the policy." *Hefty v. Paul Seymour Ins. Agency*, 163 A.D.3d 1376, 1377, 82 N.Y.S.3d 649, 651 (2018) (internal citations omitted).

Here, Plaintiff fails to allege any specific request for coverage made to SPAR. The Verified Second Amended Complaint alleges only that Plaintiff requested that SPAR "procure insurance coverage." (Dkt. No. 38, ¶¶ 6, 75, 81). This allegation is not sufficient to support a negligence claim against SPAR under New York law. Plaintiff's negligence claim should be dismissed.

## CONCLUSION

Plaintiff waited almost six years after it received a copy of the Policy and nearly five years after it received notice of Scottsdale's denial of coverage to assert a negligence claim against SPAR. Plaintiff's negligence claim is therefore barred by the statute of limitations. Plaintiff cannot proceed on either its breach of contract or negligence claim against SPAR because, among other deficiencies, there are no allegations that Plaintiff made a specific request for coverage to SPAR that SPAR did not fulfill. Accordingly, Plaintiff's claims against SPAR should be dismissed, with prejudice.

Dated: New York, New York
March 19, 2021

RIMON, P.C.

By: */s/Maxim H. Waldbaum*

Maxim H. Waldbaum,
245 Park Avenue, 39th Floor
New York, NY 10167
P: (917) 603-3905
F: (212) 363-0270
maxim.waldbaum@rimonlaw.com

*Attorney(s) for Defendant*
SPAR INSURANCE AGENCY LLC

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2021, that a true and accurate copy of the foregoing Spar Insurance Agency, LLC's **Defendant Spar Insurance Agency, LLC's Memorandum of law in Support of its Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint** was served upon:

Richard J. Flanagan
31 West 34th Street
7th Floor, Suite 7154
New York, NY 10001
P: (646) 380-1897
F: (845) 875-9856
rflanagan@flanaganlawny.com

*Attorney(s) for Plaintiff*
DIMITRI ENTERPRISES, INC.

Robert Patrick Vacchiano
Lance Jon Kalik
Headquarters Plaza
1 Speedwell Ave.
Morristown, NJ 07962
P: (973) 538-0800
rvacchiano@riker.com
lkalik@riker.com

*Attorney(s) for Defendant*
SCOTTSDALE INSURANCE COMPANY

via Electronic Case Filing (ECF) on March 19, 2021.

*/s/Tad Prizant*
TAD PRIZANT

# EXHIBIT 1

**Exhibit 1** – Causes of Action 6 and 7 as put forth in Complaint against NIF (Dkt. No. 1-1) and Second Amended Complaint against SPAR (Dkt. No. 38)

| **Complaint – NIF** | **Second Amended Complaint – SPAR** |
|---|---|
| AS AND FOR A SIXTH CAUSE OF ACTION<br><br>74. Dimitri repeats and realleges the allegations set forth in paragraphs 1 through 73 hereof as if set forth at length herein.<br><br>75. Dimitri retained NIF Services to procure insurance coverage for the period 7/31/2015 to 7/31/2016.<br><br>76. NIF Services agreed to undertake to procure said coverage and repeatedly advised Dimitri that it had obtained said coverage from Scottsdale.<br><br>77. In the event that Scottsdale does not provide certain coverage for Dimitri, NIF Services has breached its agreement with Dimitri and is therefore liable for damages.<br><br>78. As a result of the failure and/or refusal to - provide certain coverage, Dimitri has suffered or will suffer significant damages, including but not limited to attorney's fees, accounting fees, loss or reduction of bonding capacity, a decrease in construction volume, reduction in bank line and other financial problems.<br><br>79. As a result of the foregoing, NIF Services is liable for damages in a sum greater than $1,000,000.00. | AS AND FOR A SIXTH CAUSE OF ACTION [was Eighth]<br><br>74. Dimitri repeats and realleges the allegations set forth in paragraphs 1 through 73 hereof as if set forth at length herein.<br><br>75. Dimitri retained the Spar Agency to procure insurance coverage for the period 7/31/2015 to 7/31/2016.<br><br>76. The Spar Agency agreed to undertake to procure said coverage and repeatedly advised Dimitri that it had obtained said coverage from Scottsdale.<br><br>77. In the event that Scottsdale does not provide certain coverage for Dimitri, the Spar Agency has breached its agreement with Dimitri and is therefore liable for damages.<br><br>78. As a result of the failure and/or refusal to provide certain coverage, Dimitri has suffered or will suffer significant damages, including but not limited to attorney's fees, accounting fees, loss or reduction of bonding capacity, a decrease in construction volume, reduction in bank line and other financial problems.<br><br>79. As a result of the foregoing, the Spar Agency is liable for damages in a sum greater than $1,000,000.00. |
| AS AND FOR A SEVENTH CAUSE OF ACTION<br><br>80. Dimitri repeats and realleges the allegations contained in paragraphs 1 through 79 hereof as if set forth at length herein.<br><br>81. Dimitri retained NIF Services to procure insurance coverage for the period 7/31/2015 to 7/31/2016. | AS AND FOR A SEVENTH CAUSE OF ACTION [was Ninth]<br><br>80. Dimitri repeats and realleges the allegations contained in paragraphs 1 through 79 hereof as if set forth at length herein.<br><br>81. Dimitri retained the Spar Agency to procure insurance coverage for the period 7/31/2015 to 7/31/2016. |

| | |
|---|---|
| 82. NIF Services agreed to undertake to procure said coverage and repeatedly advised Dimitri that it had obtained said coverage from Scottsdale.<br><br>83. In the event that Scottsdale does not provide certain coverage for Dimitri, NIF Services has been negligent or has otherwise failed to act as a professional insurance agent and is therefore liable for damages.<br><br>84. As a result of the failure and/or refusal to provide certain coverage, Dimitri has suffered or will suffer significant damages, including but not limited to attorney's fees, accounting fees, loss or reduction of bonding capacity, a decrease in construction volume, reduction in bank line and other financial problems.<br><br>85. As a result of the foregoing, NIF Services is liable for damages in a sum greater than $1,000,000.00. | 82. The Spar Agency agreed to undertake to procure said coverage and repeatedly advised Dimitri that it had obtained said coverage from Scottsdale.<br><br>83. In the event that Scottsdale does not provide certain coverage for Dimitri, the Spar Agency has been negligent or has otherwise failed to act as a professional insurance agent and is therefore liable for damages.<br><br>84. As a result of the failure and/or refusal to provide certain coverage, Dimitri has suffered or will suffer significant damages, including but not limited to attorney's fees, accounting fees, loss or reduction of bonding capacity, a decrease in construction volume, reduction in bank line and other financial problems.<br><br>85. As a result of the foregoing, the Spar Agency is liable for damages in a sum greater than $1,000,000.00. |