UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
DIMITRI ENTERPRISES, INC.,                :
                                          :
          Plaintiff,                      :
                                          :          20 Cv. 7966 (JSR)
          -v-                             :
                                          :          MEMORANDUM ORDER
                                          :
SCOTTSDALE INSURANCE CO. and              :
SPAR INSURANCE AGENCY, LLC,               :
                                          :
          Defendants.                     :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

     Now before the Court is the motion of Spar Insurance Agency,

LLC ("Spar") for sanctions against Richard J. Flanagan, Esq.,

counsel for plaintiff Dimitri Enterprises, Inc. ("Dimitri") under

Fed. R. Civ. P. 11. For the reasons set forth below, the motion is

granted and sanctions are awarded in the amount of $24,675.[1]

     Familiarity with the background to this case is here assumed.

As relevant here, Dimitri initially brought this seven-count

complaint against NIF Services of New Jersey, Inc. ("NIF"), a

wholesale insurance broker, and Scottsdale Insurance Company

("Scottsdale"), an insurance company. The dispute arises out of

Scottsdale's denial of coverage for personal injury claims

asserted against entities allegedly named as additional insureds

---

[1]     Spar also seeks sanctions against Dimitri itself, but "the
court must not impose a monetary sanction . . . against a
represented party for violating Rule 11(b)(2)." See Fed. R. Civ.
P. 11(c)(5)(A).

1

under a Scottsdale commercial general liability policy (the "Policy"). Against NIF, plaintiff brought a negligence claim (Count Six) and a breach of contract claim (Count Seven). In November 2020, the Court dismissed both claims against NIF, holding that the negligence claim was time-barred under New York law and that the breach of contract claim was deficient because Dimitri failed to allege that it had actually requested that NIF name the entities as "additional insureds" under the Policy. See Memorandum Order dated November 16, 2020, Dkt. No. 25, at 6-7.

The Court thereafter granted plaintiff leave to file a second amended complaint ("SAC"). Dkt. No. 37.[2] The SAC reasserted the two dismissed claims against a new defendant, Spar, a retail insurance broker that allegedly brokered the Policy on behalf of Dimitri. Spar moved to dismiss these claims, arguing that the claims were foreclosed by law of the case. Dkt. No. 49. In its opposition papers, Dimitri continued to press the same arguments that the Court had already rejected in its earlier decision, while also conceding that the negligence claim could "be dismissed by the Court." Dkt. No. 52. Because the claims against Spar were identical to the already-dismissed claims against NIF, the Court granted Spar's motion to dismiss. Dkt. No. 55. The Court also granted Spar leave to file the instant motion for sanctions under

---

[2]    The first amended complaint added claims against Spar but also retained the dismissed claims against NIF. Dkt. No. 34.

Fed. R. Civ. P. 11. See Dkt. No. 55.

Rule 11(b)(2) provides that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." With respect to sanctions for insisting upon certain legal claims, it must be "patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands." E. Gluck Corp. v. Rothenhaus, 252 F.R.D. 175, 179 (S.D.N.Y. 2008).

Spar argues that sanctions are justified because, based on the dismissal of the claims against NIF, plaintiff's counsel clearly knew that the claims would fail against Spar. Spar Mem., Dkt. No. 57, at 4. The Second Circuit has upheld sanctions in similar circumstances. See, e.g., Parnoff v. Fireman's Fund Ins. Co., 796 Fed. App'x. 7, 9 (2d Cir. 2019) ("[G]iven that the district court had already rejected a nearly identical argument in [an earlier suit], it was not reasonable for [plaintiff] to believe that his position would be warranted in this case."). Dimitri responds by largely relitigating the merits of the now-dismissed

claims. <u>See</u> Dimitri Mem., Dkt. No. 60, at 10-17.

The Court holds that plaintiff's counsel violated Rule 11(b)(2). Because the identical claims against NIF were previously dismissed as either time-barred or inadequately pled, plaintiff's counsel knew or should have known that the claims against Spar were likewise subject to dismissal. Although plaintiff's counsel belatedly recognized that the negligence claim was time-barred, he continued to press the breach of contract claim until it was dismissed. If plaintiff's counsel believed that the breach of contract claim was meritorious, he could have moved for reconsideration or appealed the dismissal of the claim against NIF. He did not do either of those things. Instead, plaintiff's counsel filed the same defective claims against a new defendant. Such claims were not made in good faith after reasonable inquiry.

Having found a violation of Rule 11, "[t]he court may impose a fine or penalty, an award of reasonable expenses and attorney's fees incurred as a result of the misconduct, or dismiss the action." <u>Rothenhaus</u>, 252 F.R.D. at 179. Spar seeks an award of $25,000, which primarily reflects the attorneys' fees incurred in connection with defense against Dimitri's now-dismissed claims ($24,675), along with the reputational harm suffered by the principal of Spar as a result of these claims. Spar Mem. at 8-9; Dkt. No. 59. The fees reflect 65.40 hours of work on the motions to dismiss and for sanctions at a billable rate of $475 per hour

for partner work and $175-$275 for associate work. Dkt. No. 57, Ex. 1. Plaintiff's counsel responds that the requested fees appear "to result both from failure to know the facts, an ignorance of the law, and a poorly guided strategy." Dimitri Mem. at 19. Finding that the hourly rates and hours worked are reasonable, the Court grants sanctions in the amount of $24,675. The Court will not, however, award additional sanctions in the amount of $325 for the reputational harm allegedly incurred by the principal of Spar.

For the foregoing reasons, the Court grants sanctions against plaintiff's counsel in the amount of $24,675. The Clerk of the Court is directed to close the entry at docket number 56.

SO ORDERED.

Dated: New York, NY

June 24, 2021

JED S. RAKOFF, U.S.D.J.